1997 ND 150

**Carol HASSAN, Plaintiff and Appellant,**

v.

**Robert BROOKS, Defendant and Appellee.**

Civil No. 970025.

Supreme Court of North Dakota.

July 24, 1997.

Mark R. Hays of Pringle & Herigstad, Minot, for plaintiff and appellant.

Todd L. Cresap of Kenner, Sturdevant, Peterson, Cresap, Minot, for defendant and appellee.

NEUMANN, Justice.

[¶ 1] Carol Hassan appeals from the judgment on a jury verdict denying her recovery for damages to her motor vehicle after hitting cattle on North Dakota Highway 83. We affirm.

[¶ 2] On October 21, 1993, Hassan was driving south on Highway 83 when her car hit cattle standing on the highway. She sued the owner of the cattle, Robert Brooks, for personal injury and property damage. Brooks counterclaimed for the loss of the value of the cattle. Hassan moved for partial summary judgment based on N.D.C.C. § 36–11–07(3), arguing Brooks was strictly liable for the damages caused by his cattle. The district court denied the motion and the case proceeded to trial.

[¶ 3] In December 1996, a jury trial was held. At trial, the district court instructed the jury to apply the negligence standard of care. The jury found neither party negligent. Hassan appeals.

[¶ 4] Hassan argues the district court erred in denying summary judgment and applying a negligent standard of care. According to Hassan, N.D.C.C. § 36–11–07 is controlling here. Under N.D.C.C. § 36–11–07(1), a livestock owner is immune from liability when livestock, including cattle, inflict

damage on a motor vehicle on a public highway in a designated grazing area. However, under N.D.C.C. § 36–11–07(3), a livestock owner is liable for cattle that inflict "damage to crops or other property" outside a grazing area. Section 36–11–07, N.D.C.C., states:

"1. The owner or possessor of any horse, mule, head of cattle, sheep, goat, or swine, which inflicts any damage or injury to:

a. Motor vehicles ... within a grazing area....

\* \* \*

is not liable to any person sustaining such damages or injury.

\* \* \*

3. *Except as provided above,* the owner or possessor of any ... head of cattle ... which inflicts any damage to the crops or other property of another ... *is liable* to the persons sustaining the injuries." (Emphasis added.)

Hassan argues the language "except as provided above," accompanied by "is liable," means livestock owners are strictly liable for any damage to a motor vehicle outside a grazing area. Because the damage to her automobile occurred outside a grazing area, Hassan argues Brooks is strictly liable for the damage caused to her vehicle.

▇▇▇ [¶ 5] Statutory interpretation is a question of law fully reviewable on appeal. *Heck v. Reed,* 529 N.W.2d 155, 160 (N.D. 1995). The primary goal in construing a statute is to ascertain the legislature's intent. *Medcenter One, Inc. v. North Dakota State Board of Pharmacy,* 1997 N.D. 54, ¶ 13, 561 N.W.2d 634, 638. To ascertain the legislative intent, we first look to the language of the statute. *Id.* When the language of a statute is ambiguous we may use extrinsic aids. *Nesdahl Surveying & Engineering, P.C. v. Ackerland Corp.,* 507 N.W.2d 686, 689 (N.D. 1993); N.D.C.C. § 1–02–39.

1. The 1959 Legislative Assembly authorized republication of North Dakota's statutory law, correlating and integrating the 1943 Revised Code and its supplements into what became the North

[¶ 6] In *Hennenfent v. Flath,* 66 N.W.2d 533, 536 (N.D.1954), this Court first discussed whether N.D.C.C. § 36–11–07, formerly codified at N.D.R.C. § 36–1107, applied to automobiles.[1] In *Hennenfent,* the plaintiff, who had also collided with cattle on Highway 83, argued the defendant breached his statutory duty under N.D.R.C. § 36–1107. Section 36–1107, N.D.R.C., provided:

"The owner or possessor of ... cattle which shall inflict any damage to the *crops or other property of another* ... shall be liable to the person sustaining the injuries or to the owner of the lands for all damages suffered by him...." (Emphasis added.)

In deciding whether the livestock owner was liable for damage to a motor vehicle under the language "crops or other property of another," this Court determined motor vehicles were not a class the statute intended to protect. *Hennenfent,* 66 N.W.2d at 536. Instead, determining N.D.R.C. § 36–1107 was a herd law intended to protect the state's chief industries, cattle raising and agriculture, the Court held a livestock owner's duty to a motor vehicle fell outside the statute and should be measured under the rule of due care. *Id.* at 537.

[¶ 7] In 1961, seven years after *Hennenfent,* the legislature amended N.D.C.C. § 36–11–07. In doing so, the legislature added a paragraph to the statute making livestock owners completely immune from liability when their livestock damage a motor vehicle in a designated grazing area. However, the legislature did not amend any other portion of the statute. Section 36–11–07, N.D.C.C. provided:

"The owner or possessor of any horse, mule, head of cattle, sheep or swine, which shall inflict any damage or injury to motor vehicles or their occupants upon a public highway within a grazing area shall not be civilly liable to any person sustaining such damage or injury....

Except as hereinabove provided, the owner or possessor of any horse, mule,

Dakota Century Code. Section 36–1107, N.D.R.C., was recodified at N.D.C.C. § 36–11–07.

head of cattle, sheep or swine which shall inflict any damage to the crops or other property of another ... shall be liable to the persons sustaining the injuries...."

Legislative history suggests the amendment was intended to provide added protection to livestock owners by ensuring they had immunity for damage to motor vehicles in designated grazing areas. During a committee hearing, Senator William R. Reichert, speaking on behalf of S.B. 299 which was identical to H.B. 699, the actual bill passed that amended the statute, explained that the purpose of the amendment was to ensure that if a car hits a cow on a road through grazing land, the owner of the cow is not responsible or liable. Hearing on S.B. 299, before the Senate Agricultural Committee, 37th Legislative Assembly, (February 8, 1961, statement of Senator Reichert.) Nothing in the legislative history indicates the legislature intended to make livestock owners strictly liable for damages to motor vehicles everywhere outside a grazing area, when it made them immune from liability inside a grazing area. We assume, in light of the legislative history and the fact that the legislature did not amend the language "crops or other property of another" to include motor vehicles, the legislature acquiesced in our interpretation that a negligent standard applies for damage to motor vehicles outside a grazing area.[2] *Effertz v. North Dakota Workers Compensation Bureau,* 525 N.W.2d 691, 693 (N.D. 1994); *Wiederholt v. Director, North Dakota Dept. of Transp.,* 462 N.W.2d 445, 449 (N.D. 1990) (stating "[a]s the legislature has not amended the pertinent statute in this case to plainly disclose its intention contrary to our opinions, we adhere to our previous opinions").

[¶ 8] We further note that eight years after that amendment, in *Matteson v. Polanchek,*

164 N.W.2d 54, 56 (N.D.1969), we reaffirmed the negligence standard of care for damage sustained on motor vehicles when we stated "[i]f this were the usual case of a collision between an automobile and livestock upon an ordinary highway, ... the question to be determined, of course, would be simply whether the defendant, as owner of the horse, was negligent in permitting it to escape onto the highway." A majority of other jurisdictions have also applied a negligence standard of care for damages to motor vehicles resulting from a collision with escaped animals. *See* 29 A.L.R.4th 431, § 10, 11 (reviewing caselaw and suggesting the majority view is that a negligence standard of care is applicable for damages to a motor vehicle resulting from a collision with an escaped animal).

[¶ 9] In review of the statutory language, legislative history, and caselaw, we hold motor vehicles are not included under N.D.C.C. § 36–11–07(3). We, therefore, affirm the district court's denial of summary judgment, allowing the case to proceed to trial as a negligence action.

[¶ 10] VANDE WALLE, C.J., NEUMANN, MARING and SANDSTROM, JJ., and JAMES H. O'KEEFE, Surrogate Judge, concur.

[¶ 11] JAMES H. O'KEEFE, Surrogate Judge, sitting in place of MESCHKE, J., disqualified.

---

**2.** In 1977, N.D.C.C. § 36–11–07 was again amended. Specifically, the legislature created subsections and subdivisions within the section. Section 36–11–07, N.D.C.C. (1977), was amended to state:

"1. The owner or possessor of any horse, mule, head of cattle, sheep, goat, or swine, which shall inflict any damage or injury to:
a. Motor vehicles ... within a grazing area

* * * .
shall not be liable to any person sustaining such damages or injury.
* * *
3. Except as provided above, the owner or possessor of any horse, mule, head of cattle, sheep, goat, or swine which shall inflict any damage to the crops or other property of another ... shall be liable to the persons sustaining the injuries...."