1998 ND 143

**Rosa LaROCQUE, Plaintiff and Appellant,**

v.

**Sam D. LaROCQUE, Defendant and Appellee.**

Civil No. 980029.

Supreme Court of North Dakota.

July 21, 1998.

Debra K. Edwardson, of Edwardson Law Office, Minot, for plaintiff and appellant.

Michael A. Bosh, of Pringle & Herigstad, PC, Minot, for defendant and appellee.

SANDSTROM, Justice.

[¶ 1] Rosa LaRocque appealed from a divorce judgment, claiming the trial court's division of property and award of spousal support are clearly erroneous. Because the notice of appeal was not timely filed, we are without jurisdiction to hear the appeal.

I

[¶ 2] Rosa LaRocque filed for divorce from her husband, Sam LaRocque, in April 1996. Following a trial, the district court granted Rosa LaRocque a divorce, awarded her spousal support, and divided the marital property. The court instructed Rosa LaRocque's attorney to draft the final documents consistent with its order for judgment. She did so, and served the notice of entry of judgment upon Sam LaRocque's attorney on November 20, 1997.

[¶ 3] Rosa LaRocque filed a notice of appeal from the judgment on January 22, 1998. On May 7, 1998, Sam LaRocque's appellate counsel moved to dismiss the appeal, claiming the notice of appeal was untimely and this Court was without jurisdiction.

II

[¶ 4] The time for filing an appeal is jurisdictional. *Nastrom v. Nastrom*, 1998 ND 75, ¶ 9, 576 N.W.2d 215. In a civil case, the notice of appeal must be filed with the clerk of the trial court within 60 days of service of the notice of entry of the judgment appealed from. N.D.R.App.P. 4(a). Rosa LaRocque's notice of appeal was filed 63 days after her attorney served the notice of entry of the judgment, and was untimely.

A

[¶ 5] Rosa LaRocque argues she was entitled to a three-day extension of time for filing her notice of appeal in accordance with N.D.R.App.P. 26(c), which authorizes a three-day extension "to do an act within a prescribed period after service of a paper *upon that party* and the paper is served by mail...." (Emphasis added.) The relevant language of the rule is clear and unambiguous. The rule does not give Rosa LaRocque a three-day extension to file an appeal, because the 60–day period for her to file a notice of appeal began when her attorney served notice of entry of the judgment upon Sam LaRocque's attorney, not upon service of any paper upon Rosa LaRocque. Rosa LaRocque's attorney served the notice of entry of judgment upon Sam LaRocque by mail and, consequently, Sam LaRocque was entitled to a three-day extension for filing a notice of appeal under the rule, but Rosa LaRocque was not.

B

[¶ 6] Rosa LaRocque's attorney argues she also "served" by mail a copy of the notice of entry of the judgment upon her client, Rosa LaRocque, who should therefore

also get a three-day extension under the rule. Service is made upon a party's attorney. N.D.R.Civ.P. 5(b). For purpose of commencing the period for Rosa LaRocque to file a notice of appeal, her attorney's act of mailing a copy of the notice to her was not legally significant.

### C

■ [¶ 7] Under N.D.R.Civ.P. 77(d), the prevailing party must serve a notice of entry of the judgment. Rosa LaRocque argues she was not the prevailing party, because she was dissatisfied with aspects of the court's decision. By requesting Rosa LaRocque's attorney to prepare the final papers, the district court effectively designated Rosa LaRocque the prevailing party. Rosa LaRocque was granted the divorce she sought, a share of the marital property, and spousal support, and her attorney prepared the final papers and served the notice of entry of judgment. Under this circumstance, Rosa LaRocque cannot now argue she was not the prevailing party. *See Lizakowski v. Lizakowski*, 307 N.W.2d 567, 570 (N.D.1981).

### III

■ [¶ 8] Rosa LaRocque asserts Sam LaRocque should be "equitably estopped" from arguing the notice of appeal was untimely, because his motion to dismiss was filed about 15 weeks after Rosa LaRocque's notice of appeal was filed. Because the filing of a timely notice of appeal is jurisdictional, this Court can consider it *sua sponte* at any time. *Lende v. N.D. Workers' Comp. Bureau*, 1997 ND 178, ¶ 28, 568 N.W.2d 755. Rosa LaRocque's counsel has not cited any authority showing jurisdiction can be conferred by estoppel. We conclude Sam LaRocque is not equitably estopped from raising this jurisdictional issue.

### IV

[¶ 9] We hold the notice of appeal was not timely and this Court is without jurisdiction. The appeal is dismissed.

[¶ 10] VANDE WALLE, C.J., NEUMANN and MARING, JJ., and RICHARD W. GROSZ, District Judge, concur.

RICHARD W. GROSZ, District Judge, sitting in place of MESCHKE, J., disqualified.