1998 ND 226

**In the Matter of the ESTATE OF Victoria Jane THOMPSON, Deceased.**

**NORTH DAKOTA DEPARTMENT OF HUMAN SERVICES, Petitioner and Appellee**

v.

**Lyndon R. THOMPSON, Personal Representative of the Estate of Victoria Jane Thompson, Deceased, Respondent and Appellant.**

Civil No. 980050

Supreme Court of North Dakota.

Dec. 22, 1998.

Blaine L. Nordwall, Special Assistant Attorney General, Bismarck, N.D., for petitioner and appellee.

Steven E. McCullough, of Ohnstad Twichell, West Fargo, N.D., for respondent and appellant.

SANDSTROM, Justice.

[¶ 1] Lyndon R. Thompson, personal representative of the estate of Victoria Jane Thompson (the personal representative), appealed an order granting the claim of the Department of Human Services (the department) against Victoria Thompson's estate for medical assistance provided to her spouse, Nathaniel M. Thompson. We conclude 42 U.S.C. § 1396p authorizes the department's claim and North Dakota's estate recovery statute was not applied retroactively. We affirm.

I

[¶ 2] Nathaniel Thompson received medical assistance benefits of $58,237.30 between January 1, 1991, and his death on December 20, 1992. His wife, Victoria Thompson, died on September 15, 1995, leaving an estate of $46,507.98. A copy of an application for informal probate and appointment of a personal representative was mailed to the department.[1] Lyndon Thompson was appointed personal representative.

[¶ 3] The department filed a claim against Victoria Thompson's estate for $58,237.30 in medical assistance provided to Nathaniel Thompson and $9,356.79 in interest. The personal representative filed a notice of disallowance of the claim. The department petitioned the trial court for allowance of the claim. The personal representative moved for summary judgment, arguing: "The state statute [N.D.C.C. § 50–24.1–07] would allow recovery from the estate of a spouse while the federal statute [42 U.S.C. § 1396p(b)(1) and (2) ] would not." The department also

moved for summary judgment. On January 8, 1998, the court denied the personal representative's motion for summary judgment and granted the department's motion for summary judgment and petition for allowance of its claim. The personal representative appealed.

[¶ 4] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. §§ 27–05–06 and 30.1–02–02. The personal representative's appeal is timely under N.D.R.App.P. 4(a). This Court has jurisdiction under N.D. Const. art. VI, § 6, and N.D.C.C. § 28–27–01.

II

[¶ 5] The personal representative contends the trial court erred in construing 42 U.S.C. § 1396p(b)(1) to allow the department to recover medical assistance benefits provided to Nathaniel Thompson from the estate of his surviving spouse, arguing the plain meaning of the federal statute prohibits recovery of medical assistance benefits from the estate of a deceased recipient's surviving spouse.

[¶ 6] Summary judgment is a procedure for the prompt and expeditious disposition of a controversy without trial if either party is entitled to judgment as a matter of law, if no dispute exists as to either the material facts or the inferences to be drawn from undisputed facts, or if resolving factual disputes would not alter the result. *Close v. Ebertz*, 1998 ND 167, ¶ 8, 583 N.W.2d 794. Interpretation of a statute is a question of law, which is fully reviewable by this Court. *Jensen v. North Dakota Workers Comp. Bureau*, 1997 ND 107, ¶ 9, 563 N.W.2d 112.

[¶ 7] The primary objective of statutory construction is to ascertain the Legislature's intent. *Effertz v. North Dakota Workers' Comp. Bureau*, 481 N.W.2d 218, 220 (N.D.1992). In ascertaining legislative intent, we look first at the words used in the statute, giving them their ordinary, plain-language meaning. *Shiek v. North Dakota Workers Comp. Bureau*, 1998 ND 139, ¶ 16,

---

1. Section 50–24.1–07, N.D.C.C., requires a personal representative to forward to the department a copy of the petition or application com-mencing probate, heirship proceedings, or joint tenancy tax clearance proceedings.

582 N.W.2d 639. We construe statutes as a whole to give effect to each of its provisions, whenever fairly possible. *County of Stutsman v. State Historical Society,* 371 N.W.2d 321, 325 (N.D.1985). "If the language of a statute is clear and unambiguous, the legislative intent is presumed clear from the face of the statute." *Medcenter One, Inc. v. North Dakota State Bd. of Pharmacy,* 1997 ND 54, ¶ 13, 561 N.W.2d 634. If statutory language is ambiguous, we may resort to extrinsic aids to construe the statute. *Hassan v. Brooks,* 1997 ND 150, ¶ 5, 566 N.W.2d 822. For an ambiguous statute, "[w]here a public interest is affected, an interpretation is preferred which favors the public. A narrow construction should not be permitted to undermine the public policy sought to be served." 2B Norman J. Singer, *Sutherland Stat. Constr.* § 56.01 (5th ed.1992).

[¶ 8] When Nathaniel Thompson began receiving medical assistance benefits, N.D.C.C. § 50–24.1–07 provided, in part:

On the death of any recipient of medical assistance who was sixty-five years of age or older when he received such assistance, the total amount of medical assistance paid on behalf of the decedent following his sixty-fifth birthday must be allowed as a preferred claim against the decedent's estate.... No claim must be paid during the lifetime of the decedent's surviving spouse....

Effective August 1, 1995, N.D.C.C. § 50–24.1–07 was amended to provide in part:

1. On the death of any recipient of medical assistance who was *fifty*-five years of age or older when the recipient received *the* assistance, *and on the death of the spouse of such a deceased recipient,* the total amount of medical assistance paid on behalf of the *recipient* following the *recipient's fifty*-fifth birthday must be allowed as a preferred claim against the decedent's estate....

2. No claim must be paid during the lifetime of the decedent's surviving spouse, *if any* ....

[Emphasis added.]

[¶ 9] When Nathaniel Thompson died on November 20, 1992, 42 U.S.C. § 1396p(b) (1988) provided in part:

(b) *Adjustment or recovery of medical assistance correctly paid under a State plan.* (1) No adjustment or recovery of any medical assistance correctly paid on behalf of an individual under the State plan may be made, except—

. . . .

(B) in the case of any other individual who was 65 years of age or older when he received such assistance, from his estate.

(2) Any adjustment or recovery under paragraph (1) may be made only after the death of the individual's surviving spouse, if any....

[¶ 10] Effective October 1, 1993, after Nathaniel Thompson's death, but before Victoria Thompson died on September 14, 1995, 42 U.S.C. § 1396p(b) (1994) was amended to provide in part:

(b) *Adjustment or recovery of medical assistance correctly paid under a State plan.* (1) No adjustment or recovery of any medical assistance correctly paid on behalf of an individual under the State plan may be made, except *that the State shall seek adjustment or recovery of any medical assistance correctly paid on behalf of an individual under the State plan in the case of the following individuals:*

. . . .

(B) In the case of *an* individual who was *55* years of age or older when *the individual* received such medical assistance, *the State shall seek adjustment or recovery* from *the individual's* estate....

. . . .

(2) Any adjustment or recovery under paragraph (1) may be made only after the death of the individual's surviving spouse, if any....

. . . .

(4) *For purposes of this subsection, the term "estate", with respect to a deceased individual—*

(A) *shall include all real and personal property and other assets included*

*within the individual's estate, as defined for purposes of State probate law; and*

*(B) may include, at the option of the State . . . any other real and personal property and other assets in which the individual had any legal title or interest at the time of death (to the extent of such interest), including such assets conveyed to a survivor, heir, or assign of the deceased individual through joint tenancy, tenancy in common, survivorship, life estate, living trust, or other arrangement.*

[Emphasis added.]

[¶ 11] The personal representative contends the plain meaning rule of statutory construction requires reversal because 42 U.S.C. § 1396p(b)(1) does not allow recovery of medical assistance benefits from the estate of a recipient's spouse. He argues:

It contains a general blanket prohibition on the recovery and recoupment of correctly paid medical assistance benefits ("no . . . recovery . . . may be made"). *Id.* It then goes on to provide several exceptions to this general prohibition ("except that the State shall seek . . . recovery . . . in the case of the following individuals"). *Id.* The statute does *not* then allow recovery from the estate of the recipient's surviving spouse, but only from the estate of the recipient. *Id.*

However, the "plain meaning" of the very broad definition of the recipient's estate in 42 U.S.C. § 1396p(b)(4) must also be considered. That definition gives the State the option to include in the recipient's "estate" from which it may recover medical assistance benefits after the death of the recipient's surviving spouse any

real and personal property and other assets in which the individual had any legal title or interest at the time of death (to the extent of such interest), including such assets conveyed to a survivor, heir, or assign of the deceased individual through joint tenancy, tenancy in common, survivorship,

life estate, living trust, or other arrangement.

That expansive definition is broad enough to encompass the department's claim against the estate of a deceased spouse of a deceased recipient of medical assistance benefits for the amount of medical assistance paid out, to the extent the recipient at the time of death had any title or interest in assets which were conveyed to his or her spouse "through joint tenancy, tenancy in common, survivorship, life estate, living trust, or other arrangement." [2]

[¶ 12] The court in *In re Estate of Craig,* 82 N.Y.2d 388, 604 N.Y.S.2d 908, 911, 624 N.E.2d 1003 (N.Y.Ct.App.1993), has also construed the 1993 amendment to 42 U.S.C. § 1396p(b):

The Omnibus Budget Reconciliation Act of 1993 (Pub.L.103–66), signed into law on August 10, 1993, amended the estate recovery provisions of the Federal Medicaid law. This Act gives the States, at their option, the power to recover against a spouse's estate, but only against the recipient's assets that were conveyed through joint tenancy and other specified forms of survivorship.

The court in *In re Estate of Budney,* 197 Wis.2d 948, 541 N.W.2d 245 (Wis.Ct.App. 1995), ruled 42 U.S.C. § 1396p(b)(1) does not authorize recovery of medical assistance benefits paid on behalf of a recipient from the estate of a recipient's surviving spouse. However, the *Budney* court did not address the effect of the broad definition of "estate" in 42 U.S.C. § 1396p(b)(4), and we are not persuaded by the decision.

[¶ 13] The personal representative contends use of extrinsic aids in interpreting the federal statute also warrants reversal. The relevant amendment to 42 U.S.C. § 1396p was contained in the Omnibus Budget Reconciliation Act of 1993. The personal representative observed in his brief, "The language that was ultimately passed into law is *not* the language that was originally proposed." Relying on "the original House version of the bill," which specifically provided

---

2. The personal representative has not contended Victoria Thompson's estate includes any assets not acquired from Nathaniel Thompson "through

joint tenancy, tenancy in common, survivorship, life estate, living trust, or other arrangement."

for recovery of medical assistance benefits "from the estate of the surviving spouse," the personal representative argues: "It may be inferred, therefore, that Congress did *not* intend to allow recovery from the estate of the surviving spouse of a recipient of medical assistance." However, this Court has held "public policy is declared by the action of the legislature not by its failure to act." *James v. Young,* 77 N.D. 451, 460, 43 N.W.2d 692, 698 (1950).

[¶ 14] Furthermore, consideration of the purpose of the estate recovery provisions also warrants rejection of the personal representative's construction. "Allowing states to recover from the estates of persons who previously received assistance furthers the broad purpose of providing for the medical care of the needy; the greater amount recovered by the state allows the state to have more funds to provide future services." *Belshe v. Hope,* 33 Cal.App.4th 161, 38 Cal. Rptr.2d 917, 925 (Cal.Ct.App.1995). That broad purpose is furthered more fully by allowing states to trace a recipient's assets and recover them from the estate of a recipient's surviving spouse. Also, Senate and conference committee reports reflect an intent to require states to attempt estate recoveries of medical benefits and to allow states a wide latitude in seeking estate recoveries:

*Present Law*

States have the option to recover the costs of all Medicaid expenditures from the estates of deceased Medicaid claimants who were at least 65 years old when they were eligible for Medicaid.... Current law does not specify a definition of estate.

*Committee Proposal*

Extends current law as a mandate on all states. Provides a minimum definition of estate as including all real and personal property and other assets included within estate as defined by state laws governing treatment of inheritance. Allows states to expand the definition of estate to include other real or personal property or other

assets in which the individual had any legally cognizable title or interest at the time of death, including such assets conveyed to a survivor, heir, or assignee of the deceased individual through joint tenancy, survivorship, life estate, living trust or other arrangement.

Senate Report No. 103–36, 103rd Cong., 1st Session (1993).

*Medicaid Estate Recoveries (Section 13612).*—Requires States to recover the costs of nursing facility and other long-term care services furnished to Medicaid beneficiaries from the estate of such beneficiaries.... At the .option of the State, the estate against such recovery is sought may include any real or personal property or other assets in which the beneficiary had any legal title or interest at the time of death, including the home.

House Conference Committee Report No. 103–213, 103rd Cong., 1st Session (1993), reprinted in 3 U.S.C.C.A.N. 1523–1524 (1993). The 1993 amendments, and our interpretation of them, reflect the Congressional purpose to broaden states' estate recovery programs, as indicated in the history of amendments incorporated in the present Federal statute.

[¶ 15] We conclude consideration of all the relevant statutory provisions, in light of the Congressional purpose to provide medical care for the needy, reveals a legislative intention to allow states to trace the assets of recipients of medical assistance and recover the benefits paid when the recipient's surviving spouse dies.[3]

III

[¶ 16] The personal representative contends, even if the 1993 version of the federal statute is construed to allow recovery from the estate of the surviving spouse, the department's claim in this case is not legally supportable. He argues:

whether the department seeks to recover the benefits paid by filing a claim in the estate of the recipient after the death of the recipient's surviving spouse or by filing a claim in the surviving spouse's estate.

---

3. Because the expansive federal definition of "estate" in 42 U.S.C. § 1396p(b)(4) extends only to assets in which the medical assistance benefits recipient "had any legal title or interest in at the time of death," it is a matter of little moment

In 1992 even the state statute did not purport to allow recovery of medical assistance from the estate of the surviving spouse of a recipient of such benefits. Therefore, the Department is seeking to apply the post–1995 version of Section 50–24.1–07 to a claim which arose in 1992 (upon the payment of all benefits to Nathaniel Thompson). This is a classic example of an attempted, inappropriate retroactive application of a statute.

However, this Court has said "[a] statute is not retroactive because it draws upon antecedent facts for its operation or because part of the requisites of its action is drawn from time antecedent to its passing." *Public Sch. Dist. No. 35 v. Cass County Bd. of County Comm'rs*, 123 N.W.2d 37, 40 (N.D.1963). The obligation to repay the medical assistance benefits Nathaniel Thompson received arose when he received them:

> [T]he obligation to repay, if any, arises upon receipt of the benefits, i.e., prior to the decedent's death. Although the Department's ability to enforce the claim was tolled until Hooey's death, the obligation was incurred by Hooey during her lifetime.

*In re Estate of Hooey*, 521 N.W.2d 85, 87 (N.D.1994). Thus, the obligation to repay arose before Nathaniel Thompson's death in 1992, although the department's right to recover the benefits paid was suspended until the death of his surviving spouse. We conclude the department's claim is not a retroactive application of the 1995 amendment to N.D.C.C. § 50–24.1–07.

### IV

[¶ 17] The order is affirmed.

[¶ 18] VANDE WALLE, C.J., and NEUMANN and MARING, JJ., concur.

[¶ 19] The Honorable HERBERT L. MESCHKE, a member of the Court when this case was heard, retired effective October 1, 1998, and did not participate in this decision.

[¶ 20] The Honorable CAROL RONNING KAPSNER was not a member of the Court when this case was heard and did not participate in this decision.

