2000 ND 217

Roger REDFIELD, Special Admin-
istrator of the Estate of Esth-
er Reinhardt, Plaintiff,

v.

Gail BITTERMAN, Colleen Schneider,
and Neal G. Reinhardt, Defendants
and Appellees,

North Dakota Department of Human
Services, Appellant.

In the Matter of the Estate
of Esther Reinhardt.

North Dakota Department of Human
Services, Claimant and
Appellant,

and

Roger Redfield, Special Administrator
of the Estate of Esther Reinhardt,
Appellant,

v.

Gail Bitterman, Colleen Schneider, and
Neal G. Reinhardt, Respondents
and Appellees.

Roger Reified, Special Administrator of
the Estate of Esther Reinhardt,
Plaintiff and Appellee,

v.

Gail Bitterman, Colleen Schneider, and
Neal G. Reinhardt, Defendants and
Appellants,

North Dakota Department of Human
Services, Appellee.

Nos. 20000107, 20000162, 20000181.

Supreme Court of North Dakota.

Dec. 21, 2000.

Ann C. Mahoney, Mahoney & Mahoney, Center, ND, for plaintiff, appellant, and appellee Roger Redfield. Submitted on briefs.

John A. Richardson, Richardson, Lange & Donovan, Hazen, ND, for defendants, appellees, respondents, and appellants Gail Bitterman, Colleen Schneider, and Neal G. Reinhardt.

Blaine L. Nordwall, Special Assistant Attorney General, Bismarck, ND, for appellant, claimant, and appellee North Dakota Department of Human Services.

VANDE WALLE, Chief Justice.

[¶ 1] The North Dakota Department of Human Services ("Department") appealed district court orders disallowing its claim for recovery of medical assistance benefits and dismissing the complaint of Roger Redfield, Special Administrator of the Estate of Esther Reinhardt ("Redfield") against Gail Bitterman, Colleen Schneider, and Neal G. Reinhardt. Redfield appealed the order dismissing his complaint. Gail Bitterman, Colleen Schneider, and Neal G. Reinhardt appealed an order granting additional time within which to appeal the order dismissing Redfield's complaint. We conclude the district court did not abuse its discretion in granting additional time within which to appeal. We affirm the orders from which the appeals were taken, and we remand for further proceedings.

[¶ 2] Edwin and Esther Reinhardt married in 1949. Edwin entered a nursing facility in 1992. In 1992, and again in 1993, Esther purchased a $25,000 certificate of deposit in her name, but payable on death to her three children, Gail Bitterman, Colleen Schneider, and Neal Reinhardt. Edwin qualified for medical assistance benefits on May 1, 1995, and received benefits until July 31, 1997, in the amount of $101,047.99. Esther died on July 12, 1997, and Edwin became ineligible for medical assistance benefits, because of the assets in Esther's estate. Esther's children cashed the certificates of deposit, worth $59,680.39 at her death, before Edwin died on November 19, 1997.

[¶ 3] On August 8, 1997, Neal Reinhardt applied for appointment as the personal representative in the matter of *Estate of Esther Reinhardt*, and was granted letters testamentary. On August 21, 1997, the first notice to creditors was published.[1] On October 31, 1997, Neal Reinhardt

---

1. Section 30.1–19–01 (U.P.C. § 3–801), N.D.C.C., provides, in part: "If the personal representative elects to publish a notice to creditors then, in addition to publishing the notice to creditors, the personal representative shall mail a copy of the notice to those creditors whose identities are known to the personal representative or are reasonably ascertainable and who have not already filed a claim." Reinhardt did not mail a copy to the Department.

served the Department with a copy of his application for appointment of personal representative.[2] On July 1, 1998, the Department filed a claim for medical assistance benefits issued to Edwin Reinhardt in the amount of $101,047.99 against the estate of Esther Reinhardt. On July 17, 1998, Neal Reinhardt notified the Department its claim had been disallowed, stating "such claim was not filed in a timely fashion, and in addition, the claimant is not a creditor of the decedent, and it does not have a legal claim against the decedent's estate." The Department petitioned the district court for allowance of its claim on July 21, 1998.

[¶ 4] Roger Redfield, Director of the Mercer County Social Service Board, petitioned the district court for appointment as special administrator of the estates of Esther Reinhardt and Edwin Reinhardt. Redfield was appointed Special Administrator of the estates. By summons and complaint of July 7, 1998, Redfield sued Gail Bitterman, Colleen Schneider, and Neal Reinhardt (*Redfield v. Bitterman*) to collect the certificates of deposit, alleging, among other things, "Edwin Reinhardt, deceased, is entitled to certain property and assets of the Estate of Esther Reinhardt by virtue of being the surviving spouse of Esther Reinhardt." Redfield sought a judgment "[f]or transfer and payment to the Estate of Esther Reinhardt of all assets with a right of survivorship or P.O.D. to which decedent Esther Reinhardt was beneficially entitled under Section 30.1–31–08."

[¶ 5] On January 24, 2000, the district court issued an order denying Redfield's motion for summary judgment. In applying N.D.C.C. § 30.1–31–08(2) and 30.1–31–09, the court concluded: (1) The Department "offered no evidence to contradict

Neal's affidavits which clearly show Edwin had no beneficial interest in the certificates of deposit"; and (2) "Edwin was never a 'party' to the two 'accounts.' ... Edwin was not named on the certificates of deposit. By the terms of the 'accounts,' Edwin had no interest in them, beneficial or otherwise." In applying 42 U.S.C. § 1396p(b) (1994) and N.D.C.C. § 50–24.1–07, the court concluded:

> [I]n order for [the Department] to assert a claim against the estate of a spouse of a medical-assistance-benefits-recipient, the spouse must *survive* the recipient. She must be a "survivor, heir, or assign of the deceased individual through joint tenancy, tenancy in common, survivorship, life estate, living trust, or other arrangement." 42 U.S.C. § 1396p(b)(4)(B) (1994).

On February 1, 2000, the district court issued an order dismissing Redfield's case on the merits. Notice of entry of the order of dismissal was served on Redfield on February 3, 2000. By letter of February 4, 2000, counsel for Redfield mailed to the Department a copy of the court's February 1, 2000, order of dismissal in *Redfield v. Bitterman* and a copy of the court's order disallowing the Department's claim against the Estate of Esther Reinhardt on February 1, 2000. The Department mailed a notice of appeal on April 6, 2000, which was filed by the district court clerk on April 7, 2000. The district court issued an order granting the Department's motion for an extension of the time within which to appeal. The defendants in *Redfield v. Bitterman* appealed the district court's order granting the extension.

[¶ 6] On February 1, 2000, the district court issued an order disallowing the Department's claim in *Estate of Esther Reinhardt*, "for the reasons set forth" in the

**2.** Sections 50–06.3–07 and 50–24.1–07, N.D.C.C., require every personal representative to forward to the Department "a copy of the petition or application commencing probate, heirship proceedings, or joint tenancy tax clearance proceedings in the respective district court, together with a list of the names of the legatees, devisees, surviving joint tenants, and heirs at law of the estate." However, such a petition and list "is not a notice to creditors complying with N.D.C.C. § 30.1–19–01." *In re Estate of Kiesow*, 2000 ND 155, ¶ 7, 615 N.W.2d 538.

court's January 24, 2000, order in *Redfield v. Bitterman*. The Department and Redfield appealed, and the two cases were consolidated on appeal. We first consider the order granting the Department's motion for an extension of time within which to appeal.

## I

[¶ 7] Under N.D.R.App.P. 4(a), a notice of appeal must be filed within 60 days of service of notice of entry of the judgment or order from which an appeal may be taken. "The time for filing an appeal is jurisdictional." *LaRocque v. LaRocque*, 1998 ND 143, ¶ 4, 582 N.W.2d 645. The time for appeal does not begin to run until notice of entry is served. *Gierke v. Gierke*, 1998 ND 100, ¶ 6, 578 N.W.2d 522. However, actual knowledge of entry of a judgment or order, clearly evidenced in the record, commences the running of the time for appeal. *Gierke*, at ¶ 7. "A party having knowledge of the entry of judgment cannot indefinitely delay the period for filing an appeal based upon failure to serve a notice of entry of judgment." *Domres v. Domres*, 1998 ND 217, ¶ 7, 587 N.W.2d 146. Under N.D.R.App.P. 4(a), the trial court may extend the time for filing a notice of appeal for up to 30 days upon a showing of excusable neglect. "We will not set aside a trial court's order on a motion for an extension of time based on excusable neglect absent an abuse of discretion." *Schaan v. Magic City Beverage Co.*, 2000 ND 71, ¶ 22, 609 N.W.2d 82. "A trial court abuses its discretion when it acts arbitrarily, unconscionably or unreasonably." *Id.* We have held a party must show unique or extraordinary circumstances caused the delay in filing a notice of appeal to establish excusable neglect. *Id.* at ¶ 24.

[¶ 8] The Department supported its motion for an extension of time to file its notice of appeal with an affidavit by a Department lawyer relating (1) confusion about who should sign the notice of appeal; (2) the absence of Redfield's attorney, who was on vacation from April 3 until April 12; (3) the staff person who normally secures a check for payment of a filing fee "was out of the office due to an illness in her family"; (4) an inexperienced staff member handled the request for a filing fee check; (5) the Department attorney "who oversees this staff person, was also out of the office due to a family illness"; (6) the Department's "other attorney in the Legal Advisory Unit who handles general duties had just resigned her position effective March 31, 2000"; and (7) "I was out of the office the day that the notice of appeal was mailed on April 6, 2000. In my absence and because of my failure to advise her otherwise, the staff person assigned to sending out the notice believed that mailing it on that date was equivalent to filing." The trial court could reasonably have considered those matters extraordinary circumstances, and we conclude the trial court did not abuse its discretion in granting the Department's motion for an extension of time to appeal.

## II

[¶ 9] In ruling the Department "has no valid claim against the Esther Reinhardt Estate," the district court held "that in order for [the Department] to assert a claim against the estate of a spouse of a medical-assistance-benefits-recipient, the spouse must *survive* the recipient." The Department contends the district court erred.

[¶ 10] Recovery of medical assistance benefits is authorized by 42 U.S.C. § 1396p(b), which provides, in part:

(1) No adjustment or recovery of any medical assistance correctly paid on behalf of an individual under the State plan may be made, except that the State shall seek adjustment or recovery of any medical assistance correctly paid on behalf of an individual under the State plan in the case of the following individuals:

. . . .

(B) In the case of an individual who was 55 years of age or older when the individual received such medical assistance, the State shall seek adjustment or recovery from the individual's estate, but only for medical assistance constituting of—

(i) nursing facility services, home and community-based services, and related hospital and prescription drug services, or

(ii) at the option of the State, any items or services under the State plan.

. . . .

(2) Any adjustment or recovery under paragraph (1) may be made only after the death of the individual's surviving spouse, if any, and only at a time—

. . . .

(4) For purposes of this subsection, the term "estate", with respect to a deceased individual—

(A) shall include all real and personal property and other assets included within the individual's estate, as defined for purposes of State probate law; and

(B) may include, at the option of the State (and shall include, in the case of an individual to whom paragraph (1)(C)(i) applies), any other real and personal property and other assets in which the individual had any legal title or interest at the time of death (to the extent of such interest), including such assets conveyed to a survivor, heir, or assign of the deceased individual through joint tenancy, tenancy in common, survivorship, life estate, living trust, or other arrangement.

[¶ 11] This Court has construed the definition of a recipient's estate in 42 U.S.C. § 1396p(b)(4):

That expansive definition is broad enough to encompass the department's claim against the estate of a deceased spouse of a deceased recipient of medi-cal assistance benefits for the amount of medical assistance paid out, to the extent the recipient at the time of death had any title or interest in assets which were conveyed to his or her spouse "through joint tenancy, tenancy in common, survivorship, life estate, living trust, or other arrangement."

*In re Estate of Thompson,* 1998 ND 226, ¶ 11, 586 N.W.2d 847. The authority to recover benefits from the estate of a recipient's surviving spouse is limited:

This Act gives the States, at their option, the power to recover against a spouse's estate, but only against the recipient's assets that were conveyed through joint tenancy and other specified forms of survivorship.

*In re Estate of Craig,* 82 N.Y.2d 388, 604 N.Y.S.2d 908, 911, 624 N.E.2d 1003 (Ct. App.1993). In *In re Estate of Wirtz,* 2000 ND 59, ¶ 14, 607 N.W.2d 882, we held any assets conveyed by a medical assistance recipient to his spouse before the recipient's death and traceable to his surviving spouse's estate after her death were subject to recovery by the Department. We noted "recoverable assets do not include all property ever held by either party during the marriage." *. Id.* We said: "Thus, recovery from a surviving spouse's separately-owned assets because of a past obligation to pay a now deceased Medicaid recipient's medical expenses as necessaries, or recovery from the surviving spouse's entire estate, including assets not traceable from the recipient, is not allowed." *Id.*

[¶ 12] Section 50–24.1–07, N.D.C.C., allows the Department to recover medical assistance benefits from a recipient's estate:

1. On the death of any recipient of medical assistance who was fifty-five years of age or older when the recipient received the assistance, and on the death of the spouse of the deceased recipient, the total amount of medical assistance paid on behalf of the recipient following the recipi-

ent's fifty-fifth birthday must be allowed as a preferred claim against the decedent's estate. . . .

2. No claim must be paid during the lifetime of the decedent's surviving spouse, if any, nor while there is a surviving child who is under the age of twenty-one years or is blind or permanently and totally disabled, but no timely filed claim may be disallowed because of the provisions of this section.

We have said:

Because the expansive federal definition of "estate" in 42 U.S.C. § 1396p(b)(4) extends only to assets in which the medical assistance benefits recipient "had any legal title or interest in at the time of death," it is a matter of little moment whether the department seeks to recover the benefits paid by filing a claim in the estate of the recipient after the death of the recipient's surviving spouse or by filing a claim in the surviving spouse's estate.

*In re Estate of Thompson*, 1998 ND 226, ¶ 15 n. 3, 586 N.W.2d 847. Beyond that, however, N.D.C.C. § 50–24.1–07 does not authorize recovery from the estate of a recipient's surviving spouse. Nor does N.D.C.C. § 50–24.1–07 authorize recovery from the estate of a recipient's spouse who predeceases the recipient, beyond assets to which the recipient had a legal title or interest. The statutory language, "on the death of the spouse of the deceased recipient," and "[n]o claim must be paid during the lifetime of the decedent's surviving spouse, if any," evidences a legislative intent to limit the recovery after the death of a recipient's spouse to cases in which a recipient is survived by a spouse. If the spouse predeceases the recipient, permitting a claim to be filed after the death of the recipient would require the spouse's estate to remain open, and could forestall the closing of the spouse's estate for a lengthy period. In addition, there is an important difference when the spouse predeceases the recipient. If the recipient

dies first, the claim finalizes and the amount to be recovered upon the death of the recipient's spouse is certain. If the spouse dies first, the claim is not finalized and the amount is not yet certain, because the recipient may still be receiving benefits. Thus, we agree with the district court's conclusion that the Department's claim against the estate of a recipient's spouse to recover the certificates of deposit requires that "the spouse must *survive* the recipient." Furthermore, assuming funds in the certificates of deposit may have been traceable to Edwin, the Department has not demonstrated the district court erred in concluding "Edwin had no interest in them, beneficial or otherwise."

III

[¶ 13] The Department asserts Edwin had statutory claims against Esther's estate when Esther died. The Department conceded in its brief: "Edwin's right to an elective share, worth at least $50,000 under N.D.C.C. 30.1–05–01, was personal to him and ended when he died without first petitioning for that elective share." But, the Department asserts Edwin was entitled to $10,000 in exempt property under N.D.C.C. § 30.1–07–01 as Esther's surviving spouse, and was entitled to a family allowance under N.D.C.C. § 30.1–07–02. Section 30.1–07–01, provides, in part:

In addition to the homestead defined in section 47–18–01, the decedent's surviving spouse is entitled from the estate to a value, not exceeding ten thousand dollars in excess of any security interests therein, in household furniture, automobiles, furnishings, appliances, and personal effects.

Section 30.1–07–02(1), provides, in part:

In addition to the right to homestead allowance and exempt property, the decedent's surviving spouse and minor children whom the decedent was obligated to support and children who were in fact being supported by the decedent are entitled to a reasonable allowance in money out of the estate for their mainte-

nance during the period of administration. . . .

Redfield asserted in district court that Edwin had a right to exempt property and a family allowance. The district court did not address Edwin's rights under N.D.C.C. §§ 30.1–07–01 and 30.1–07–02 in its orders. If we are unable to determine if the district court considered and resolved a critical issue, a remand is necessary to resolve the issue. *Berg v. Berg*, 2000 ND 37, ¶ 8, 606 N.W.2d 903.

### IV

[¶ 14]   The orders are affirmed to the extent they granted additional time within which to appeal and denied recovery. The matter is remanded for further proceedings in accordance with this opinion. We do not retain jurisdiction under N.D.R.App.P. 35(b).

[¶ 15] SANDSTROM, NEUMANN, MARING, KAPSNER, JJ., concur.