Filed 9/21/10 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2010 ND 186

In the Matter of the Estate of Mary Ann Fisk, Deceased.

North Dakota Department of Human Services, Petitioner and Appellant

v.

Royce S. Fisk as Personal Representative of the 

Estate of Mary Ann Fisk, deceased, Respondent and Appellee

No. 20090157

Appeal from the District Court of Ward County, Northwest  Judicial District, the Honorable Richard L. Hagar, Judge.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

Opinion of the Court by Kapsner, Justice.

Blaine L. Nordwall, Special Assistant Attorney General, 723 North 2nd Street, Bismarck, N.D. 58501, for petitioner and appellant.

Carol K. Larson, P.O. Box 1000, Minot, N.D. 58702-1000, for respondent and appellee.

Estate of Fisk

No. 20090157

On Petition for Rehearing

Kapsner, Justice.

[¶1] The Department of Human Services appeals from a probate court order declaring the estate of Mary Ann Fisk insolvent and discharging the personal representative upon payment to the Department of $29,565.70 on its claim against the estate.  We withdraw the opinion filed April 6, 2010, 
see
 
Estate of Fisk
, 2010 ND 64, 780 N.W.2d 697, and issue this opinion in its stead.  We conclude the district court did not abuse its discretion in approving the personal representative’s fees and the costs of administering the estate, but erred in ruling Mary Ann Fisk’s allowable funeral expenses were not subject to the $3,000 limit in N.D.C.C. § 50-24.1-07(1)(a).  We affirm in part, reverse in part, and remand for entry of an amended order consistent with this opinion.

I

[¶2] Mary Ann Fisk’s husband, Raymond Fisk, received $56,312.35 in medical assistance benefits dating from March 1, 1993, until his death on February 4, 1997.  Mary Ann Fisk suffered from heart disease, diabetes, and respiratory problems.  After Raymond Fisk died, Mary Ann Fisk’s sister, Clarice Lagasse, lived with Mary Ann Fisk in her Minot home where the sisters helped care for each other.  The sisters merged their household goods and owned their car jointly.  Before Mary Ann Fisk died on September 27, 2001, she gave her personal property and household goods to Lagasse. Mary Ann Fisk did not receive medical assistance benefits.

[¶3] In her will, Mary Ann Fisk appointed her stepson, Royce S. Fisk, as personal representative of her estate.  On December 6, 2001, the Department filed a claim against the estate for $70,887.59, representing the cost of Raymond Fisk’s medical assistance benefits plus interest.  On March 11, 2002, the personal representative disallowed the Department’s claim, explaining “[i]n the event it is established that Raymond A. Fisk actually received Medical Assistance recovery is limited to the traceable assets in which Raymond A. Fisk had an interest in.”  The personal representative also stated “[i]nterest shall commence on allowed claims sixty (60) days after the time for original presentation of the claim has expired.”  On May 13, 2002, the Department petitioned the district court for allowance of its claim.  The personal representative ultimately conceded that all major estate assets were traceable to Raymond Fisk, and on October 6, 2002, the personal representative allowed the Department’s claim for medical assistance benefits of $56,312.35, but continued to deny its claim for interest from August 4, 1997, stating interest would commence to run from March 16, 2002.  The Department again petitioned the court for allowance of the claim on November 15, 2002.

[¶4] For reasons not apparent from the record, nothing further appears in the probate court file until the Department petitioned the district court for an order allowing its claim and compelling payment of the claim on November 25, 2008.  The personal representative responded and petitioned the court for an order declaring the estate insolvent and for discharge of the personal representative.  After deducting expenses of administration, funeral expenses, expenses of Mary Ann Fisk’s last illness, and taxes, the personal representative indicated the estate had $29,565.70 remaining for distribution.  The Department objected to various aspects of the personal representative’s proposed final account.  The petitions of both parties were brought as motions under N.D.R.Ct. 3.2, and the personal representative submitted an affidavit to the court.  The Department did not submit an affidavit.  No evidentiary hearing or oral arguments were requested by the parties.  In March 2009, the court issued an order rejecting the Department’s arguments and granting the personal representative’s petition.  There is no dispute that a clerical error exists in the amount ordered to be paid to the Department, and the correct amount is $28,409.09.

II

[¶5] The Department argues the district court erred in approving the personal representative’s compensation and in approving certain attorney fees as expenses of administration.

[¶6] Personal representatives are entitled to reasonable compensation for their services.  
See, e.g.
, 
Estate of Gleeson
, 2002 ND 211, ¶ 21, 655 N.W.2d 69.  Furthermore, “[a]s a fiduciary acting on behalf of persons interested in an estate, a personal representative may use estate funds to pay reasonable compensation to persons employed to advise or assist him in the administration of an estate.”  
Estate of O’Connell
, 476 N.W.2d 8, 11 (N.D. 1991).  Section 30.1-18-15(21), N.D.C.C., empowers the personal representative to employ attorneys to assist and advise him and to have the estate pay compensation for those services.  
See
 
Estate of Hass
, 2002 ND 82, ¶ 10, 643 N.W.2d 713.  The review of fees paid or taken by a personal representative is left to the sound discretion of the district court.  
See, e.g.
, 
Estate of Peterson
, 1997 ND 48, ¶ 18, 561 N.W.2d 618.  We will not overturn the district court’s decision on reasonable compensation absent a showing of an abuse of discretion, and the court’s underlying findings of fact will be upheld unless they are clearly erroneous.  
See, e.g.
, 
Oliver v. City of Larimore
, 540 N.W.2d 630, 635 (N.D. 1995); 
Estate of Flaherty
, 484 N.W.2d 515, 521 (N.D. 1992).  Whether a personal representative has breached a fiduciary duty is a question of fact which will not be set aside unless it is clearly erroneous.  
Gleeson
, at ¶ 17.  A district court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, or when it misinterprets or misapplies the law.  
Estate of Allmaras
, 2007 ND 130, ¶ 12, 737 N.W.2d 612.  A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if there is no evidence to support it, or if, after reviewing all of the evidence, we are left with a definite and firm conviction a mistake has been made.  
Gleeson
, at ¶ 17.  The complaining party has the burden of establishing an abuse of discretion and of showing a finding is clearly erroneous.  
See
 
Martin v. Trinity Hosp.
, 2008 ND 176, ¶ 17, 755 N.W.2d 900; 
Gleeson
, at ¶ 17.

[¶7] In his affidavit, the personal representative stated:

Prior to Mary Ann’s death, she gave her personal property and household goods to Clarice.  I was not present when this gift was made, but I had no reason to dispute the gift.  Clarice lived in the home with Ma[]ry Ann, she assisted in caring for her, and the property was of little or no monetary value.  Mary Ann and Raymond were people of modest means and the household goods were old and in poor repair.  In addition, years of smoking had taken its toll on the property.

 

The residence of Mary Ann Fisk was in poor repair, smoke stained, and full of trash.  The realtor advised that the house had to be cleaned from t[]op to bottom and trash removed in order to sell this property.  It took 4 adults, working from morning to night to accomplish this task.

 

. . . .

 

After scrubbing walls for several days, we determined we could not get rid of the stain or smoke smell. I prepped the walls and hired a painter. We cleaned the carpets with a rented machine and still had to hire a professional[.]

 

. . . .

 

I respectfully request that I be fairly compensated for the work I performed and the expenses I incurred for the estate, which has been of no benefit to me or my family.

 

[¶8] The Department offered no evidence to support its claim that fees paid or taken by the personal representative were excessive or inappropriate.  Rather, the Department simply argues the district court erred in approving the personal representative’s compensation in the amount of $9,600, which included $986 for “Elder Law specialist, Paul Mitchell.”  The Department complains about “amounts the personal representative sought to pay to himself for his own services, for the non-local travel, meals, and lodging of himself and family members engaged in housecleaning, and to reimburse himself for amounts he paid to Paul Mitchell, an attorney he engaged for unknown services.”  The Department also implies that the personal representative breached his fiduciary duties and incurred various expenses it does not believe were necessary to administration of the estate.

[¶9] The district court rejected all of the Department’s complaints:

The expenses for the administration of the estate were $20,735.72 (including $4,448.45 for cleaning, preparation, and repairs).  The Department argues that charging $6,771.00 for cleaning the decedent’s home “greatly exceeds any reasonable charge” for the services rendered.  Specifically, the Department argues charges for airfare, meals, and hotels would not have been necessary if the Personal Representative used local workers to accomplish the same tasks.  The Department argues that the reasonable hourly charge for house-cleaners would not exceed $20.00 each per hour.  The Department maintains that the Personal Representative’s rate of $40.00 per hour for general tasks was unreasonable.  The Department also argues that additional attorney’s fees of elder law specialist Paul Mitchell were unreasonable.

The Personal Representative argues that the usual situation requires that the individuals who clean and dispose of the decedent’s personal property are family members.  The Personal Representative maintains that most families would be reluctant to hire strangers to perform this task.  The Personal Representative also argues that his presence was desired, if not necessary, to review the condition of the property an[d] make decisions regarding the property.  The Personal Representative also maintains that additional attorney’s fees were incurred solely for the administration of the estate.

 

. . . .

 

As stated in the Personal Representative’s brief, the house required considerable cleaning and preparation before it could be sold. The Personal Representative also provided a detailed affidavit detailing the expenses incurred in administration of the estate.

Based on the affidavit and the information provided to the Court, the fees charged by the Personal Representative were not unreasonable. Administration of the estate required travel to North Dakota to prepare the home for sale and to distribute personal property to family members. It was necessary for the Personal Representative to make decisions regarding the decedent’s personal property. The tasks performed by the Personal Representative are common in the administration of an estate and could not have been easily delegated to a third-party. The tasks completed by the Personal Representative required substantial time and effort. Therefore, the Personal Representative is entitled to reasonable compensation for his services rendered.

 

(citations to record omitted).

[¶10] The Department has failed to establish that the district court abused its discretion or that the court’s findings are clearly erroneous. We conclude the court did not err in approving the personal representative’s compensation and expenses.

III

[¶11] The Department argues the district court erred in approving $6,206.25 for Mary Ann Fisk’s funeral expenses because those expenses should have been limited to $3,000 under N.D.C.C. § 50-24.1-07(1), which provides in relevant part:

On the death of any recipient of medical assistance . . . who was fifty-five years of age or older when the recipient received the assistance, and on the death of the spouse of the deceased recipient, the total amount of medical assistance paid on behalf of the recipient following . . . the recipient’s fifty-fifth birthday . . . must be allowed as a preferred claim against the decedent’s estate after payment, in the following order, of:

 

a. Funeral expenses not in excess of three thousand dollars;

 

b. Expenses of the last illness, other than those incurred by medical assistance;

 

c. Expenses of administering the estate, including attorney’s fees approved by the court;

 

The Department argues the statute limits allowable funeral expenses to $3,000 for a medical assistance recipient and to $3,000 for the deceased medical assistance recipient’s spouse.  The personal representative argues, and the district court agreed, that the $3,000 limit for funeral expenses applies only to the funeral of the medical assistance recipient, and not to the funeral of the recipient’s spouse.  The interpretation of N.D.C.C. § 50-24.1-07(1) presents a question of law fully reviewable on appeal.  
See
 
Estate of Conley
, 2008 ND 148, ¶ 15, 753 N.W.2d 384.

[¶12] This Court summarized the rules of statutory interpretation in 
In re M.W.
, 2009 ND 55, ¶ 6, 764 N.W.2d 185:

Our primary goal in statutory construction is to ascertain the intent of the legislature, and we first look to the plain language of the statute and give each word of the statute its ordinary meaning.  When the wording of a statute is clear and free of all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.  If, however, the statute is ambiguous or if adherence to the strict letter of the statute would lead to an absurd or ludicrous result, a court may resort to extrinsic aids, such as legislative history, to interpret the statute.  A statute is ambiguous if it is susceptible to meanings that are different, but rational.  We presume the legislature did not intend an absurd or ludicrous result or unjust consequences, and we construe statutes in a practical manner, giving consideration to the context of the statutes and the purpose for which they were enacted.

 

(quoting 
State v. Fasteen
, 2007 ND 162, ¶ 8, 740 N.W.2d 60 (citations omitted)).

[¶13] We believe the language of N.D.C.C. § 50-24.1-07(1) supports the Department’s interpretation. Section 50-24.1-07(1), N.D.C.C., gives the Department a preferred claim for medical assistance benefits paid on behalf of a recipient, after payment of funeral expenses not in excess of $3,000 and other higher priority expenses, “against the decedent’s estate.”  The statute describes two categories of a “decedent’s estate”:  (1) “any recipient of medical assistance”; and (2) “the spouse of the deceased recipient.”  Consequently, Mary Ann Fisk’s estate is a “decedent’s estate” for purposes of N.D.C.C. § 50-24.1-07(1), and the $3,000 limit for funeral expenses in subsection (a) is applicable to Mary Ann Fisk’s funeral expenses.  Because N.D.C.C. § 50-24.1-07 is a specific provision providing for the recovery from an estate of medical assistance benefits previously given to a deceased recipient, it governs over the more general provisions of N.D.C.C. § 30.1-19-05(1) providing the priority of claims against an estate under the Uniform Probate Code.  
See
 
Estate of Tuntland
, 364 N.W.2d 513, 516 (N.D. 1985).

[¶14] We conclude the district court erred in ruling the $3,000 funeral expense limit in N.D.C.C. § 50-24.1-07(1) did not apply to Mary Ann Fisk’s funeral expenses, and in approving the personal representative’s payment of $6,206.25 for her funeral expenses.

IV

[¶15] We affirm the district court’s approval of the personal representative’s fees and the costs of administering the estate, reverse the allowance of Mary Ann Fisk’s funeral expenses in excess of the $3,000 limit under N.D.C.C. § 50-24.1-07(1)(a), and remand for entry of an amended order consistent with this opinion which includes correction of the clerical error in the amount ordered to be paid to the Department.

[¶16] Carol Ronning Kapsner

Dale V. Sandstrom

Daniel J. Crothers

Maring, Justice, concurring in part and dissenting in part.

[¶17] I respectfully concur in parts I, II, and IV of the majority opinion and dissent from part III of the majority opinion.

[¶18] The majority opinion concludes in part III that N.D.C.C. § 50-24.1-07(1) limits the amount of funeral expenses which can be approved for Mary Ann Fisk to $3,000.  I agree Mary Ann Fisk’s funeral expenses, which can be paid out of her estate, are limited to $3,000 because, under the facts of this case, all of the assets in her estate came from her husband Raymond Fisk.  I arrive at that conclusion, however, under a different interpretation of the statute than the majority opinion.

[¶19] I am of the opinion that N.D.C.C. § 50-24.1-07(1) is ambiguous.  The statute can be read to limit not only the medical assistance recipient’s claim for funeral expenses to $3,000, but also the medical assistance recipient’s spouse’s claim for funeral expenses.  The statute can also be read to place only a timing restriction on when the Department can recover the amount of medical assistance benefits it has paid, which would be on the death of the spouse of the deceased recipient.  However, the interpretation of N.D.C.C. § 50-24.1-07(1) must include consideration of the entire statute.  
See
 
Estate of Thompson
, 1998 ND 226, ¶ 7, 586 N.W.2d 847 (“We construe statutes as a whole to give effect to each of its provisions, whenever fairly possible.”).  Subsection 2, N.D.C.C. § 50-24.1-07, states that “[a] claim may not be required to be paid nor may interest begin to accrue during the lifetime of the decedent’s surviving spouse, if any, . . . ”  If the timing of the Department’s claim was governed by subsection 1, N.D.C.C. § 50-24.1-07, there would be no need for subsection 2.  Consequently, that proffered interpretation of subsection 1 is not persuasive.  Subsection 5, N.D.C.C. § 50-24.1-07, states:

All assets in the decedent’s estate of the spouse of a deceased medical assistance recipient are presumed to be assets in which that recipient had an interest at the time of the recipient’s death.

This subsection states there is a presumption that, at the death of the recipient’s spouse, the recipient had “an interest” in all assets in the recipient’s spouse’s estate.  The statute does not state that the recipient’s interest is presumed to be a one hundred percent ownership and, therefore, it must be determined what “interest” the recipient had at the time of the recipient’s death.  In 
Estate of Thompson
, our Court concluded that the Department had the power to recover against the recipient’s spouse’s estate, but only against the recipient’s assets that were conveyed through joint tenancy and other forms of survivorship, or other assets in which the recipient had any legally cognizable title or interest at the time of death.  1998 ND 226, ¶¶ 12, 14-15, 586 N.W.2d 847.  In 
Estate of Wirtz
, our Court held that any assets conveyed by the medical assistance recipient to the spouse and traceable to her estate are subject to the Department’s recovery claim.  2000 ND 59, ¶ 14, 607 N.W.2d 882.  “However, the recoverable assets do not include all property ever held by either party during the marriage” and 

42 U.S.C. § 1396p(b) contemplates only that assets in which the deceased recipient once held an interest will be traced. It does not provide that separately-owned assets in the survivor’s estate, or assets in which the deceased recipient never held an interest, are subject to the department’s claim for recovery. Thus, recovery from a surviving spouse’s separately-owned assets . . . or recovery from the surviving spouse’s entire estate, including assets not traceable from the recipient, is not allowed. 

Id.
 (citation omitted.)

[¶20] Therefore, the recipient’s spouse’s estate could include both assets in which the recipient had an interest at his death and assets in which the recipient never held an interest.  I interpret N.D.C.C. § 50-24.1-07(1) to list preferred claims against those assets in the recipient’s spouse’s estate in which the recipient had an interest, but only to the extent of that interest.  If the recipient’s spouse died with assets in which the recipient had no interest or assets that were wholly owned by the recipient’s spouse, the preferred claims against those assets would be governed by N.D.C.C. § 30.1-19-05.

[¶21] In this case, Raymond Fisk is presumed to have an interest in all of the assets in Mary Ann Fisk’s estate.  
See
 N.D.C.C. § 50-24.1-07(5).  The Department filed a claim against the estate.  The personal representative disallowed the claim, and contended that the Department’s “recovery is limited to the traceable assets in which Raymond A. Fisk had an interest in.”  The Department filed a petition for allowance of the claim.  Subsequently, the personal representative filed an amended notice of disallowance of claim which allowed the Department’s claim against the estate for medical assistance issued on behalf of Raymond A. Fisk in the total amount of $56,312.35, but disallowing interest.  The district court entered an order declaring the estate insolvent and ordering payment of $29,565.70 to the Department for its claim for recovery of medical assistance benefits.  The personal representative claims there is a clerical mistake in the amount to be paid to the Department, and it should be corrected to $28,409.09.  The Department has not disputed this.

[¶22] The issues appealed by the Department included whether the district court erred in allowing payment of $6,206.25 for funeral expenses of the recipient’s spouse instead of limiting the funeral expenses to $3,000.  The personal representative took the position that the statute, N.D.C.C. § 50-24.1-07(1), should be interpreted to only apply to the deceased recipient’s funeral expenses and not to the recipient’s spouse’s funeral expenses.  The personal representative never argued or raised an issue claiming that Mary Ann Fisk had any interest separate and independent of her husband’s in the assets of her estate.  Mary Ann Fisk, on this record, never claimed she owned a share of the proceeds from the sale of the house.  The personal representative waived any claim that any of the assets of Mary Ann Fisk’s estate were hers alone.  I am of the opinion that if the estate of Mary Ann Fisk had assets that were wholly owned by her and Raymond Fisk had no traceable interest in them at the time of his death, her funeral expenses above $3,000 could be approved for payment from those assets.  I would reverse the district court’s allowance of all the funeral expenses and hold that, on this record, the limit of $3,000 applies, and I would remand for the court to enter an amended order, including correcting any clerical mistake in the amount ordered to be paid to the Department.  I would affirm the district court’s order in all other respects.

[¶23] Mary Muehlen Maring

Gerald W. VandeWalle, C.J.