Filed 4/12/11 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2011 ND 77

Edward Christensen, Appellant

v.

North Dakota Department 

of Human Services, Appellee

No. 20100263

Appeal from the District Court of LaMoure County, Southeast Judicial District, the Honorable Mikal Simonson, Judge.

AFFIRMED.

Opinion of the Court by Maring, Justice.

Rachel Eve Thomason (argued) and Gregory C. Larson (on brief), P.O. Box 2056, Bismarck, N.D. 58502-2056, for appellant.

Jeanne Marie Steiner, Assistant Attorney General, Office of Attorney General, 500 North 9th Street, Bismarck, N.D. 58501-4509, for appellee.

Christensen v. North Dakota Department of Human Services

No. 20100263

Maring, Justice.

[¶1] Edward Christensen appealed from a district court judgment affirming the order of the North Dakota Department of Human Services determining that he was ineligible for Medicaid benefits for the five-month period from April to August of 2008.  We affirm, concluding the Department of Human Services did not err in determining Edward Christensen’s interests in certain real estate, and the proceeds from the sale of the real estate, were available assets disqualifying him from Medicaid eligibility.

I

[¶2] Edward Christensen has been a resident of St. Rose Care Center, a long-term nursing home facility, since 2004.  Edward Christensen’s nephew, Tom Christensen, was his attorney-in-fact and handled his financial affairs.  In 2007, Edward Christensen ran out of liquid assets and was unable to pay his bills to St. Rose Care Center.  In November 2007, St. Rose Care Center’s attorney sent a letter to Tom Christensen indicating that St. Rose Care Center would evict Edward unless Tom Christensen made arrangements to pay Edward Christensen’s bills.

[¶3] In November 2007, Tom Christensen and the administrator at St. Rose Care Center entered into an agreement whereby Tom Christensen agreed to sell Edward Christensen’s interests in two parcels of real estate in California and pay the proceeds to St. Rose Care Center in exchange for St. Rose Care Center agreeing not to bring legal action to evict Edward Christensen.  In April 2008, Tom Christensen entered into an agreement to sell Edward Christensen’s interest in one of the California properties for $22,500.  The sale closed in late July 2008, and proceeds of the sale were placed in Edward Christensen’s checking account.  Edward Christensen’s interest in the second California parcel sold in July 2008 for $2,500, and the proceeds again were placed in Edward Christensen’s checking account.  On the advice of counsel, Tom Christensen withheld $1,800 of the sale proceeds for capital gains taxes, and the remaining $23,200 in proceeds was transferred to St. Rose Care Center by check in early September 2008.

[¶4] In July 2008, contemporaneous with the sale of the California properties, Edward Christensen applied for Medicaid benefits, retroactive to April 1, 2008.  LaMoure County Social Services determined Edward Christensen was not eligible for benefits for the months of April, May, and June 2008 because he still owned an interest in the California properties and therefore was above the asset eligibility limit.  LaMoure County further determined that Edward Christensen was ineligible for the months of July and August 2008 because the proceeds from the California sales were in his checking account and therefore were available assets, placing him above the asset eligibility limit.  LaMoure County determined that Edward Christensen became eligible for Medicaid benefits commencing in September 2008 when the proceeds were paid to St. Rose Care Center.

[¶5] Edward appealed LaMoure County’s determination to the Department of Human Services, and a hearing was held before an administrative law judge (“ALJ”).  The ALJ issued recommended findings and order, determining that the alleged oral agreement between Edward Christensen and St. Rose Care Center regarding the proceeds of the California property sales was not legally binding, and therefore those assets remained available to Edward Christensen until the proceeds were actually transferred to St. Rose Care Center in September 2008.  The ALJ recommended affirming LaMoure County’s decision that Edward was not eligible for benefits for April through August 2008, but became eligible commencing in September 2008.  The Department of Human Services adopted the ALJ’s recommended findings and order, and Edward appealed to the district court.  The district court affirmed the order of the Department of Human Services.

II

[¶6] When a decision of an administrative agency is appealed from the district court to this Court, we review the agency’s decision and the record compiled before the agency.  
Reinholdt v. North Dakota Dep’t of Human Servs.
, 2009 ND 17, ¶ 10, 760 N.W.2d 101; 
Rennich v. North Dakota Dep’t of Human Servs.
, 2008 ND 171, ¶ 10, 756 N.W.2d 182.  Courts exercise a limited review in appeals from administrative agency decisions under the Administrative Agencies Practice Act, N.D.C.C. ch. 28-

32.  
Rennich
, at ¶ 10.  Under N.D.C.C. § 28-32-49, our standard of review of the agency’s decision is the same as the standard applied by the district court under N.D.C.C. § 28-32-46.  
Hendrickson v. Olson
, 2009 ND 16, ¶ 8, 760 N.W.2d 116; 
Rennich
, at ¶ 10; 
Oyloe v. North Dakota Dep’t of Human Servs.
, 2008 ND 67, ¶ 7, 747 N.W.2d 106.  Accordingly, we will reverse the agency’s decision only if:

1. The order is not in accordance with the law.

2. The order is in violation of the constitutional rights of the appellant.

3. The provisions of this chapter have not been complied with in the proceedings before the agency.

4. The rules or procedure of the agency have not afforded the appellant a fair hearing.

5. The findings of fact made by the agency are not supported by a preponderance of the evidence.

6. The conclusions of law and order of the agency are not supported by its findings of fact.

7. The findings of fact made by the agency do not sufficiently address the evidence presented to the agency by the appellant.

8. The conclusions of law and order of the agency do not sufficiently explain the agency’s rationale for not adopting any contrary recommendations by a hearing officer or an administrative law judge.

N.D.C.C. § 28-32-46.

[¶7] In determining whether an agency’s findings of fact are supported by a preponderance of the evidence, we do not make independent findings of fact or substitute our judgment for that of the agency, but rather determine only whether a reasoning mind reasonably could have determined that the factual conclusions reached were proved by the weight of the evidence from the entire record.  
Hendrickson
, 2009 ND 16, ¶ 8, 760 N.W.2d 116; 
Rennich
, 2008 ND 171, ¶ 11, 756 N.W.2d 182.  Questions of law are fully reviewable on appeal from an agency’s decision.  
Reinholdt
, 2009 ND 17, ¶ 10, 760 N.W.2d 101; 
Rennich
, at ¶ 11.

III

[¶8] Medicaid is a cooperative federal-state program designed to provide financial assistance to needy persons for their necessary medical care.  
Reinholdt
, 2009 ND 17, ¶ 11, 760 N.W.2d 101; 
Oyloe
, 2008 ND 67, ¶ 8, 747 N.W.2d 106.  To be eligible for Medicaid benefits, a person must lack sufficient assets to pay the costs of their necessary medical care and services.  
Reinholdt
, at ¶ 12; 
Oyloe
, at ¶ 8.  Medicaid is intended to be a payor of last resort, and an individual’s other available resources must be exhausted before Medicaid will pay for care.  
Reinholdt
, at ¶ 12; 
Oyloe
, at ¶ 8.  The Department of Human Services has adopted rules compiled in N.D. Admin. Code ch. 75-02-02.1 to implement the program and determine eligibility for benefits.  
Reinholdt
, at ¶ 12; 
Oyloe
, at ¶ 7.  An applicant for Medicaid benefits bears the burden of proving eligibility.  N.D. Admin. Code § 75-02-02.1-02.1; 
Rennich
, 2008 ND 171, ¶ 12, 756 N.W.2d 182; 
Oyloe
, at ¶ 8.

[¶9] A one-person unit is eligible for Medicaid benefits if the value of that person’s available assets does not exceed $3,000.  N.D. Admin. Code § 75-02-02.1-26(1)(a).  An “asset” is defined as “any kind of property or property interest, whether real, personal, or mixed, whether liquid or illiquid, and whether or not presently vested with possessory rights.”  N.D. Admin. Code § 75-02-02.1-01(2).  Any asset which is “actually available” must be considered when determining eligibility for Medicaid benefits.  N.D. Admin. Code § 75-02-02.1-25(1).  Section 75-02-02.1-25(1), N.D. Admin. Code, specifies when an asset is considered actually available:

Assets are actually available when at the disposal of an applicant, recipient, or responsible relative; when the applicant, recipient, or responsible relative has a legal interest in a liquidated sum and has the legal ability to make the sum available for support, maintenance, or medical care; or when the applicant, recipient, or responsible relative has the lawful power to make the asset available, or to cause the asset to be made available.

The determination whether an asset is actually available for purposes of Medicaid eligibility is largely a fact-specific inquiry depending on the circumstances of each individual case.  
Reinholdt
, 2009 ND 17, ¶ 14, 760 N.W.2d 101; 
Estate of Pladson v. Traill County Soc. Servs.
, 2005 ND 213, ¶ 11, 707 N.W.2d 473.  The “actually available” requirement must be interpreted reasonably, and the focus is on the applicant’s actual and practical ability to make an asset available as a matter of fact, not legal fiction.  
Reinholdt
, at ¶ 14; 
Estate of Pladson
, at ¶ 11.

[¶10] The ALJ and the Department of Human Services concluded that the alleged oral agreement between St. Rose Care Center and Tom Christensen, acting on Edward Christensen’s behalf, was illusory and was not a binding contract.  They, therefore, concluded that the real estate and the proceeds from its sale were available assets, making Edward Christensen ineligible for benefits until the proceeds were transferred to St. Rose Care Center in September 2008.  We find it unnecessary to determine whether the oral agreement was legally binding because we conclude that, even if we assume there was a legally binding contract, under the circumstances of this case Edward Christensen has failed to prove that the assets were not actually available to him and he did not meet the eligibility requirements under N.D. Admin. Code ch. 75-

02-02.1.

[¶11] Edward Christensen did not transfer his interest in the California properties until the sales closed in late July 2008, and from July 2008 until early September 2008 Edward Christensen’s personal checking account had a balance exceeding $20,000.  Edward Christensen contends, however, that because of the agreement with St. Rose Care Center neither he nor Tom Christensen had a legal interest in the property or the lawful power to pay the proceeds to anyone other than St. Rose Care Center.  Edward Christensen, therefore, contends that neither the property itself nor the proceeds held in his checking account were available assets under N.D. Admin. Code ch. 75-02-02.1.

[¶12] A Medicaid applicant has the responsibility to provide information sufficient to establish eligibility and has the burden of proving an asset is not actually available.  
Reinholdt
, 2009 ND 17, ¶ 20, 760 N.W.2d 101.  Edward Christensen did not present testimony regarding the precise terms of the agreement with St. Rose Care Center, but rather the parties stipulated at the hearing that there was an oral agreement.  The ALJ in his findings of fact reiterated the stipulation: “in exchange for St. Rose not bringing legal action or proceedings to evict Edward, Tom promised to pay to St. Rose the entire proceeds of the . . . property in California when the property sold and title was transferred to the new owners of those properties.”  In the agreement with St. Rose Care Center, Edward Christensen did not agree to immediately dispose of his rights and interest in the property.  He did not deed the property to St. Rose Care Center, or assign his interest in the property or the proceeds to St. Rose Care Center.  He did not agree to have payment of the sale proceeds made directly to St. Rose Care Center, or held in escrow for St. Rose Care Center.  He agreed only to sell the property and pay a sum of money to St. Rose Care Center when he received payment.  In addition, Edward Christensen failed to offer evidence at the administrative hearing showing the amount of his outstanding debt to St. Rose Care Center for his past care.  We, therefore, do not know from this record whether the proceeds from the sales of the properties was less than or more than the amount of Edward Christensen’s debt to St. Rose Care Center.

[¶13] Under the regulatory scheme promulgated in N.D. Admin. Code ch. 75-02-

02.1, eligibility for Medicaid benefits is not established by showing that an applicant’s outstanding debts exceed his available assets.  Chapter 75-02-02.1, N.D. Admin. Code, looks solely to the value of the applicant’s actually available assets, and the applicant is ineligible if the value of those assets exceeds $3,000.  N.D. Admin. Code § 75-02-02.1-26(1)(a).  The Medicaid eligibility rules require that the applicant actually dispose of and “exhaust” any excess assets before he will be eligible for benefits.  
See
 
Reinholdt
, 2009 ND 17, ¶ 12, 760 N.W.2d 101; 
Oyloe
, 2008 ND 67, ¶ 8, 747 N.W.2d 106.  Although Edward Christensen may have had a contractual duty to sell the property and, after receiving the $25,000 proceeds from the sale, pay that amount to St. Rose Care Center, the real estate remained “at the disposal of” Edward Christensen until it was sold and he had a “legal interest” in the $25,000 while it rested unrestricted in his personal checking account.  
See
 N.D. Admin. Code § 75-02-02.1-25(1).  Furthermore, Edward Christensen cites no authority in the administrative rules or elsewhere suggesting that real property is not considered an actually available asset from the time it becomes subject to a purchase agreement until the closing occurs.  In fact, under N.D. Admin. Code § 75-02-02.1-

28(2), property which is excluded because it is not saleable without working an undue hardship loses its exclusion, and becomes an actually available asset, when a bona fide offer for at least seventy-five percent of the property’s fair market value is made.  Thus, property which is subject to a pending purchase agreement is an available asset.

[¶14] In addition, the parties’ conduct in performing the agreement does not support the conclusion that Edward Christensen had given up all interest in the property or right to dispose of the proceeds.  The $25,000 in proceeds from the sale of the two parcels was not transferred directly to St. Rose Care Center, but payment was made to Edward Christensen.  The funds were placed unrestricted in Edward Christensen’s personal checking account.  Payment was not made immediately to St. Rose Care Center, but rather the funds were held in Edward Christensen’s checking account for longer than two months.  Finally, when payment was ultimately made to St. Rose Care Center in September 2008, the entire proceeds were not transferred.  Tom Christensen, on behalf of Edward Christensen, decided to withhold part of the proceeds for taxes.  All of these factors suggest that these assets were at the disposal of Edward Christensen or Tom Christensen and they retained a legal interest in the assets until payment was made to St. Rose Care Center in September 2008.  
See
 N.D. Admin. Code § 75-02-02.1-25(1).

[¶15] A reasoning mind reasonably could have determined that Edward Christensen failed to meet his burden of establishing that the properties and proceeds from the sales of the properties were not “actually available” assets.  We, therefore, conclude the Department of Human Services did not err in determining Edward Christensen’s interest in the properties and in the proceeds of the sales of the properties were “actually available” assets, which disqualified him from Medicaid eligibility from April to August 2008.

IV

[¶16] We have considered the remaining issues and arguments raised by the parties and find them to be either unnecessary to our decision or without merit.  The judgment of the district court affirming the order of the Department of Human Services is affirmed.

[¶17] Mary Muehlen Maring

Daniel J. Crothers

Dale V. Sandstrom

Carol Ronning Kapsner

I concur in the result.

Gerald W. VandeWalle, C.J.